HARDY, Judge.
This is a suit by plaintiff seeking the recovery of a money judgment in the nature of damages and the erasure and cancellation of a labor and material lien upon his property filed by the defendants, a partnership and its individual members, engaged in general contracting work. Defendants reconvened, seeking recognition and enforcement of their lien in the sum of $171.
From a judgment rejecting plaintiff’s claims for damages, and further judgment rejecting defendants’ reconventional demand, the latter have appealed and plaintiff has answered the appeal, re-asserting his claim for damages and praying the amendment of the judgment to the extent of the allowance of the amount claimed therefor.
Plaintiff and defendants entered into an oral contract under the terms of which defendants agreed to lay several slabs of concrete for a carport, patio and storage room on plaintiff’s premises for the price of $1,-796, which was subsequently increased by the addition of agreed extras to a total amount of $1,871, of which $1,700 was paid by plaintiff. A dispute arose between the parties as to the acceptance of the work and defendants filed a lien to the extent of the unpaid balance of $171. In this action plaintiff contends that the unsatisfactory work performed by the defendants will necessitate the expenditure of a total of $600 for the proper repair thereof, and therefore claims, in addition to the cancellation of the lien, a monetary award in the amount of $429.
Plaintiff alleged that the laying of the concrete slabs was done in an unwork-manlike manner; that the uneven surface caused the formation of puddles of water and prevented proper drainage; that the topping had cracked, was breaking up and would become “ * * * loose and entirely disconnected from the original slab.” Trial was had some two years, more or less, following completion of the work. It was established that pursuant to plaintiff’s complaints the defendants had corrected the unevenness in the slabs as originally laid and that there were a number of hairline *769 cracks in the topping visible to the eye. However, the evidence entirely fails to establish any cracking or breaking despite the fact that several hard freezes had occurred since the completion o>f the work, and the further fact that the areas in question had been constantly used by plaintiff for the purposes for which they were intended without any inconvenience or development of any really substantial defects. In the final analysis the only thing which was established by plaintiff on trial was the existence of the hairline cracks, and, according to the vast preponderance of the testimony, this development is one which is to be expected in connection with the character and nature of the work performed and is not shown to have had any material effect either upon the appearance or use of the construction.
On the basis of the record we are firmly convinced that plaintiff has failed to establish any nature of defects which would justify an award in whole or in part of the damages claimed. It necessarily follows that defendants’ reconventional claim must be allowed.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that plaintiff’s demands be, and they are rejected, and there is judgment in favor of defendant partnership, Naron and Alderman, and its individual members, L. C. Naron and A. L. Alderman, as plaintiffs in reconvention, and against plaintiff, Joel L. Harper, as defendant in reconvention, in the full sum of $171, with interest at the legal rate from date of judicial demand until paid. There is further judgment in favor of the said defendants, as plaintiffs in reconvention, recognizing and maintaining their labor and material lien upon the property of plaintiff, described as being:
South 10’ of Lot 17 and all of Lots IS, 19 and 20, Block 15, Woodlawn Heights Land Co.’s Addition to Ray-ville, La. (Less and except 42' off West side).
It is ordered, failing payment of the amount of said lien, together with all costs of this suit which are taxed against plaintiff, that the property above described be sold in due course to satisfy the claim of the defendants, plaintiffs in reconvention, ■by preference and priority over all persons whomsoever, except the holders of any mortgages properly inscribed and recorded prior to October 24, 1957, being the date of the beginning of work upon the above described property.